UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

In Re:

**JASON WAYNE VAUGHN**

CASE NUMBER: 25-60666

    Debtor,
_____/     CHAPTER 13

**FARMERS BANK OF APPOMATTOX.**
    Movant/Plaintiff,

Vs.

**JASON WAYNE VAUGHN, DEBTOR**
4137 Warminster Church Road
Buckingham, VA 23921

    Debtor/Defendant

**ANGELA M. SCOLFORO, TRUSTEE**

    Respondents.

_____

**MOTION TO DISMISS WITH RESTRICTIONS ON RE-FILING**

**NOTICE YOUR RIGHTS MAY BE AFFECTED. YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE. IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT WITH ONE.**

Farmers Bank of Appomattox, a secured creditor herein, by Counsel, moves this honorable Court to dismiss the above-referenced case filed by the Debtor. The grounds for this motion are:

1

1. The Debtor filed a Chapter 13 petition on June 9, 2025, to stop foreclosure proceedings against a commercial property owned in his personal name located at 15766 North James Madison Highway, Dilwyn, Virginia 23936.

2. Debtor has an ownership interest in the following real estate, to wit:

   All that certain tract or parcel of land, with improvements thereon and appurtenances thereunto belonging, situated in Maysville Magisterial District of Buckingham County, Virginia, containing Sixty-six/hundredths (0.66) of an acre, mor or less, said lands fronting on both the southeastern margin of U.S. Route #15 and the centerline of Virginia Secondary Route #750 (Wingo Road) and being more particularly described by a plat of survey prepared by Carroll Gillispie, C.L.S., S.B.C., dated March 10, 1976 and recorded in the Clerk's Office of the Circuit Court of Buckingham County in Deed Book 100, at page 277, to which plat reference is hereby made for a more complete and accurate description of the lands hereby conveyed.

3. Movant, Farmers Bank of Appomattox is a secured creditor of the Debtor, being secured by a deed of trust on the above property duly recorded in the Clerk's Office for the Circuit Court of Buckingham County, Virginia as Instrument Number 202100624.

4. The Debtor is in default under the terms of the promissory note that the above-referenced deed of trust secures.

5. Movant had scheduled a foreclosure sale on the above-referenced property on April 21, 2025, at 9:00 am.

6. On April 14, 2025, Debtor filed for Chapter 13 bankruptcy relief in this Court. The case number for that filing was 25-60450.

7. Debtor filed this petition pro se.

8. This matter was dismissed on April 30, 2025, due to Debtor's failure to file the required schedules such as the statement of their current monthly income and calculation of commitment period form; statement of financial affairs; summary of assets and liabilities, form 106; chapter 13 plan, among others.

9. After dismissal of the previous case, Movant began foreclosure proceedings again and scheduled the sale for June 9, 2025, at 12:00 pm.

10. On or about June 5, 2025, Debtor called a representative from the Movant and said "he did not know if he would allow them to sell the property" and inquired about how long he would have to remove items if the property did sell at auction.

11. On June 9, 2025, around 9:10 a.m., less than three hours before the foreclosure sale was to occur, Debtor once again filed for Chapter 13 relief, pro se.

12. Debtor once again has been notified by the Clerk that he has submitted incomplete filings which are due by June 23, 2025.

13. Section 9 of the Voluntary Chapter 13 petition filed by debtor asks, "Have you filed for bankruptcy within the last 8 years?" Debtor has made a false statement by selecting his answer as "no."

14. This Debtor has a recent history in this Court and with the secured creditor, Farmers Bank of Appomattox, including dismissal from previous bankruptcy case for failure to take any action past the filing of the initial petition.

15. Farmers Bank of Appomattox has significant concerns about Debtor's ability to make plan payments of any kind in a timely manner, especially considering the Debtor's significant history of failing to make mortgage or his request to pay the voluntary petition fee of $313 in installments.

16. The Debtor has failed to show a substantial change in his financial or personal affairs since the dismissal of his prior case that will lead to a confirmed plan that will be fully performed.

17. Farmers Bank of Appomattox had scheduled a foreclosure sale twice on the Debtor's property in which the Creditor has a secured interest.

18. This petition was filed less than three hours before that sale was scheduled to take place, thus frustrating and delaying the Bank's ability to protect their interests.

19. Debtor was previously dismissed from this Court less than 60 days ago for failure to take any action past the initial filing.

20. Once again, the Debtor's Chapter 13 petition in the case at bar lacks the necessary filings required by the Court.

21. Upon a motion by a party in interest, a Court may dismiss a case for cause, including, among other thing, lack of good faith or unreasonably delay by the Debtor that is prejudicial to creditors, pursuant to 11 U.S.C. Section 1307(c).

22. While dismissal of a case is generally without prejudice or restrictions, 11 U.S.C. Section 349(a) "grants a bankruptcy court the authority to dismiss a case with prejudice to a subsequent filing of any bankruptcy petition." *In re Casse*, 219 B.R. 657, 662 (Bankr. E.D.N.Y. 1998), subsequently aff'd, 198 F.3d 327 (2d Cir. 1999).

23. Section 349(a) provides that "unless the court, for cause, orders otherwise, the dismissal of a case under this title does not bar the discharge, in a later case under this title, of debts that were dischargeable in the case dismissed; nor does the dismissal of a case under this title prejudice the debtor with regard to the filing of a subsequent petition under this title, except as provided in section 109(g) of this title." 11 U.S.C. § 349.

24. Thus, if cause exists, a court is authorized, pursuant to § 349(a), to dismiss a bankruptcy case with prejudice to refiling. See, *In re Casse*, 198 F.3d 327, 339 (2d Cir. 1999).

4

25. Debtor's pattern of filing bankruptcy cases, within days of or on scheduled dates of foreclosure sales compels the Movant's conclusion that Debtor's cases were filed solely for the purpose of delaying and frustrating the exercise of the Movant's rights as a secured creditor.

26. The debtor's continual filing then failing to take any further action as required by this Court to further his case is sufficient cause to dismiss this case with prejudice.

27. Farmers Bank of Appomattox represents that through a review of the totality of the circumstances of not only the case at bar, but the Debtor's filing history in just the last sixty days, establishes cause pursuant to 11 U.S.C. §§ 1307(c), 349(a), and 105(a) to dismiss the Debtor's case with prejudice with a bar to refiling.

28. Wherefore, Farmers Bank of Appomattox, by counsel, moves the Court dismiss the Chapter 13 filing, **WITH PREJUDICE,** including a bar to filing a bankruptcy petition under any chapter of the Bankruptcy Code for a period of one year from the entry of a dismissal order by this Court.

Dated this 9th day of June 2025.

By: /s/ Sherwood S. Day
Of Counsel

Sherwood S. Day, Esq.
State Bar Number: 15128
PO Box 1168
Forest, VA 24551
Phone: (434) 528-8877
Fax: (434) 846-4607
sday@daylawva.com
Farmers Bank of Appomattox

By:/s/ Justin C. Smart
Of Counsel

Justin C. Smart, Esq.
State Bar Number: 88003

PO Box 1168
Forest, VA 24551
Phone (434) 528-8877
Fax: (434) 846-4607
jsmart@daylawva.com
Farmers Bank of Appomattox

## CERTIFICATE OF SERVICE

I hereby certify that I have this 26th day of June 2025, served a true copy of the foregoing Motion to Dismiss to the following entities in the following manner:

Angela M. Scolforo, Trustee (ECF)

VIA US MAIL
Jason Wayne Vaughn, Debtor
4137 Warminster Church Road
Buckingham, VA 23921

/s/ Justin C. Smart
Justin C. Smart, Esq.
